**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50266 |
| Plaintiff-Appellee, | D.C. No. 3:18-mj-02495-RNB-BAS-1 |
| v. | |
| FRANCISCO JAVIER PEREZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted June 12, 2019[**]
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Francisco Javier Perez-Martinez was apprehended by a border patrol agent

about 23.5 miles east of the Tecate, California, Port of Entry and about 0.25 miles

north of the United States-Mexico border. Perez admitted that he was a Mexican

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

citizen not legally authorized to enter the United States and was arrested. Perez appeared before a magistrate judge and pleaded guilty to violating 8 U.S.C. § 1325(a)(2). Perez appealed his conviction to the district court, arguing that it should be vacated because there was not an adequate factual basis for his plea. The district court affirmed and Perez appealed to this court.

Where, as here, a defendant challenges his conviction on grounds that he did not raise before the court that imposed judgment, we review for plain error. *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061 (9th Cir. 2011). An error is plain if it is clearly inconsistent with established law "at the time of appellate consideration." *Henderson v. United States*, 568 U.S. 266, 274 (2013) (citing *Johnson v. United States*, 520 U.S. 461, 468 (1997)). The magistrate judge here erred in determining there was an adequate factual basis for Perez's guilty plea. To be convicted of "elud[ing] examination or inspection by immigration officers" under § 1325(a)(2), "the alien's conduct must occur at a designated port of entry that is open for inspection and examination." *United States v. Corrales-Vazquez*, 931 F.3d 944, 954 (9th Cir. 2019). Because Perez was apprehended 23.5 miles east of the nearest port of entry, there was an inadequate factual basis for his conviction. *See id.*

Perez's conviction is therefore **VACATED.**

2

*United States v. Perez-Martinez*, No. 18-50266

FERNANDEZ, Circuit Judge, dissenting:

I respectfully dissent for the reasons set forth in my dissenting opinion in

*United States v. Corales-Vazquez*, 931 F.3d 944, 956–59 (9th Cir. 2019).